# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LURWIN JAVIER MEDINA-PIRELA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
IMMIGRATION PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-04220-KES-SAB-HC

FINDINGS AND RECOMMENDATION TO
GRANT PETITION FOR WRIT OF
HABEAS CORPUS AND ORDER
RESPONDENT TO PROVIDE PETITIONER
WITH A BOND HEARING

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Venezuela who was encountered by Border Patrol officers on May 6, 2023. On May 12, 2023, Petitioner was issued a notice to appear and was released on an order of recognizance. On May 2, 2026, Petitioner was arrested for assault. The case is pending. On May 4, 2026, Petitioner was released to U.S. Immigration and Customs Enforcement ("ICE") custody. (ECF No. 6 at 5.[1])

On June 2, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention on due process grounds. (ECF No. 1 at 2.) The Court construed the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

petition "as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 5 at 1.) On June 24, 2026, Respondents filed an answer to the petition. (ECF No. 6.)

**II.**

**DISCUSSION**

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

Respondents argue that "Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)," is "ineligible for a bond hearing," and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 6 at 1, 2.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends granting the petition for writ of habeas corpus for the reasons addressed in those prior orders and ordering Respondent to provide Petitioner with a bond hearing before a neutral decisionmaker where the government bears the burden to demonstrate that Petitioner is a flight risk or danger to the community by clear and convincing evidence. See Bohorquez v. Warden, California City Det. Facility, No. 1:26-CV-03025-KES-EPG, 2026 WL 1652878 (E.D. Cal. June 8, 2026) (ordering bond hearing instead of immediate release for petitioner who was re-detained by immigration officials following an arrest by local law

enforcement); <u>Galvan v. Warden of the Golden State Annex Det. Facility</u>, No. 1:26-CV-03421-KES-HBK (HC), 2026 WL 1584660 (E.D. Cal. June 3, 2026) (same).

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED.

2. Respondent be directed to provide Petitioner with an individualized hearing before a neutral decisionmaker where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify his detention.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3